**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DWAYNE BOONE, Individually and on behalf of all others similarly situated,**

        **Plaintiff,**

v.                                                                                                  **22-CV-0862V(Sr)**

**ALLPRO PARKING, LLC,**
**ALLPRO PARKING HOLDINGS, LLC,**
**and**
**PREMIUM PARTNER HOLDINGS, LLC,**

        **Defendants.**

---

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

Plaintiff, a non-exempt hourly employee, commenced this proposed collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and proposed class action pursuant to New York Labor Law ("NYLL"), §§ 190, 191, 193, 195, 198 & 652, along with sections 142-2.1 & 142-2.2 of the New York Codes, Rules and Regulations ("NYCRR"), alleging that his employer failed to properly compensate him for all hours worked in his position as a lot attendant. Dkt. #1. Specifically, plaintiff alleges that he was only compensated according to his scheduled shift despite working before and after his scheduled shift. Dkt. #1. In addition, plaintiff alleges that he was routinely interrupted or not relieved for uncompensated meal breaks. Dkt. #1.

Furthermore, plaintiff alleges that he was not provided with proper pay rate acknowledgment forms at the commencement of his employment or when he received a change in his hourly rate of pay, nor was he provided with appropriate weekly wage statements as required by the NYLL. Dkt. #1. Plaintiff proposes to certify an FLSA Collective and a NYLL Class of non-exempt hourly employees who were: (a) not properly compensated for all work performed, including for work performed before or after their scheduled shifts; and/or (b) required to work during some or all of their uncompensated meal breaks, but were not compensated for this time; and/or (c) not fully compensated for time worked over forty hours per week at overtime rates; and/or (d) not provided notice under NYLL § 195(1) and NYLL § 195(3). Dkt. #1.

Currently before the Court is plaintiff's motion to compel complete responses to plaintiff's First Notice to Produce and Interrogatories. Dkt. #15.

**Scope of Discovery**

Plaintiff's First Notice to Produce seeks, *inter alia*, the names and contact information, including addresses, emails and phone numbers, for all non-exempt hourly employees of Allpro Parking, LLC and Allpro Parking Holdings, LLC from November 10, 2016 through the present, as well as all employees of Premium Partner Holdings, LLC employed to work at current or former Allpro facilities from the date Premium Partner Holdings, LLC acquired a majority ownership interest in Allpro Parking, LLC and/or Allpro Parking Holdings, LLC. Dkt. #15-3, p.3.  Plaintiff also seeks time and payroll records for such employees during this time period. Dkt. #15-3, p.4.

Defendants objected to these demands to the extent that they encompassed any party other than plaintiff, Dwayne Boone. Dkt. #15-6.

Plaintiff argues that limiting discovery solely to his own information would hinder his ability to demonstrate that defendants' policies and practices apply uniformly to other similarly situated non-exempt hourly employees, as required to make a proper evidentiary showing for class certification. Dkt. #15-1, pp.10-11. Plaintiff seeks names, addresses, emails and phone numbers, as well as a reasonable sampling of time and pay records, for all non-exempt hourly employees. Dkt. #15-1, pp.11-12.

Defendants declare that they have provided time and payroll records maintained by Alcott HR pertaining to plaintiff from September 2017 through December 31, 2017, as well as time and payroll records maintained by Paylocity pertaining to plaintiff from December 2020 through December 31, 2022, and are working to obtain time and payroll records maintained by UKG following its purchase of UltiPro pertaining to plaintiff from January 1, 2018 through November 30, 2022. Dkt. #19-2, ¶¶ 24-27. Defendants respond that plaintiff is conflating case law regarding Rule 23 class actions and FLSA collective actions and argue that if any discovery regarding individuals other than plaintiff is permitted, it should be limited to contact information for a period of no more than three years. Dkt. #19, pp.4 & 9. Defendants also argue that the proposed class is over broad and should be limited to those employees, like plaintiff, who were unable to utilize the mobile phone application time clock system that was introduced in September of 2020. Dkt. #19-2, ¶¶ 10-12.

-3-

Plaintiff replies that the scope of pre-certification discovery should not be limited simply because plaintiff may move for conditional certification under the FLSA before seeking class certification under Rule 23. Dkt. #20, pp.8-9. Plaintiff also argues that there is no basis for narrowing the proposed class to those employees who had their supervisor enter their time into the payroll system manually because plaintiff's complaint alleges detailed allegations of impermissible time rounding, schedule-based pay, failure to pay for meal breaks, and off-the-clock work both before and after September of 2020. Dkt. #20, pp.10-11.

Under the FLSA, a plaintiff may seek certification to proceed as a collective action, thereby allowing other similarly situated employees the opportunity to join the litigation. 29 U.S.C. § 216(b). Courts will conditionally certify an FLSA collective action upon a modest factual showing that plaintiff and potential opt-in plaintiffs were similarly situated in that they were victims of a common policy or plan that violated the law. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010), *cert. denied*, 565 U.S. 930 (2011). While a plaintiff's burden of proof at this stage is low, it cannot be satisfied simply by unsupported assertions or conclusory allegations. *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp.3d 474, 478 (S.D.N.Y. 2016). "Pre-certification discovery in an FLSA case should be tailored to this 'modest' standard." *Pagan v. C.I. Lobster Corp.*, 20-CV-7349, 2021 WL 4239200, at *2 (S.D.N.Y. Sept. 17, 2021). Thus, "[a]t the pre-certification stage of a collective action under the FLSA, discovery is limited to issues of certification." *Spack v. Trans World Entm't Corp.*, 17-CV-1335, 2019 WL 597908, at *4 (N.D.N.Y. Feb. 13, 2019), *quoting Charles v. Nationwide Mut. Ins. Co.*, 09-CV-94, 2010 WL 7132173, at *3 (E.D.N.Y. May 27, 2010).

Although courts have ruled both ways with respect to motions to compel the names and addresses of potential members of a collective prior to certification, the weight of authority leans toward pre-certification discovery of employee contact information so as to enable plaintiff to make a fuller showing at the conditional certification stage or to establish that a collective action is not suitable for certification. *See Spack*, 2019 WL 597908, at *4 (collecting cases), *citing Whitehorn v. Wolfgang's Steakhouse, Inc.*, 09 Civ. 1148, 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010). Early access to this information may also allow plaintiff to move for conditional certification earlier, thereby enabling potential members of the collective to opt in earlier. *Whitehorn*, 2010 WL 2362981, at *2. In assessing whether to allow such disclosure, the court balances plaintiff's need for the requested information, the burden on defendants and any privacy concerns of potential opt-in plaintiffs. *Spack*, 2019 WL 587908, at *4. Disclosure of telephone numbers and email address have been recognized as a minimal intrusion on employee privacy. *Jackson v. ProAmpac LLC*, __ F. Supp.3d __, 2023 WL 6215324, at *9 (S.D.N.Y. Sept. 25, 2023).

Pre-certification discovery is also often necessary to provide the court with sufficient information to determine whether certification is appropriate under Rule 23 of the Federal Rules of Civil Procedure. *Marin v. Apple-Metro, Inc.*, 12-CV-5274, 2023 WL 2060133, at *3 (E.D.N.Y. Feb. 8, 2023) ("It is well established that plaintiffs may be entitled to discovery even though a class has not yet been certified."); *See Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("there can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to

conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."), *cert. denied*, 459 U.S. 838 (1982). In light of the more rigorous analysis for determining Rule 23 class certification motions, the discovery permitted must be sufficiently broad to allow a realistic opportunity to demonstrate numerosity, commonality, typicality, and adequacy. *Marin*, 2023 WL 2060133, at *3. "Frequently, that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Thus, a plaintiff is generally entitled to names, contact information, hours and pay information pertaining to putative class members prior to class certification. *Thompson v. Global Contact Servs., LLC*, 20-CV-651, 2021 WL 1103029, at *2 (E.D.N.Y. Feb. 16, 2021); *See Youngblood v. Family Dollar Stores, Inc.*, 09 Civ. 3176, 2011 WL 1742109, at *3 (S.D.N.Y. Jan 5, 2011) (collecting cases).

In the instant case, the Court finds that disclosure of the names and contact information for potential members of the FLSA collective action is necessary to permit plaintiff to demonstrate to the court whether defendants engaged in a common policy or practice of paying hourly employees according to their scheduled shifts rather than the time engaged in work; failing to compensate hourly employees for work required during uncompensated meal breaks; and/or failing to pay overtime rates, and outweighs the minimal privacy concerns of the potential collective. *See Boice v. M+W U.S., Inc.*, 130 F. Supp.3d 677, 699 (N.D.N.Y. Sept. 11, 2015) (allowing discovery of names and last known addresses on motion to compel for potential FLSA collective action*); Whitehorn*, 2010 WL 2362981, at *3 (disclosure of putative class members' names, addresses and last known telephone numbers appropriate). In addition, the disclosure of time and pay

records are relevant to establishing commonality under Rule 23. *See Marin*, 2023 WL 2060133, at *4-5 (finding time and payroll records relevant to class certification issues). As defendants have not argued that production of this information would be unduly burdensome, the Court sees no reason to limit the sample size for production of time and payroll records. *See Id.* at *7 (the party objecting to discovery must demonstrate that "the burden or expense is unreasonable in light of the benefits to be secured from the discovery."). Accordingly, within 30 days of the entry of this Decision and Order, defendants shall disclose the name, address, telephone number, email address, dates of employment, and time and pay records for all non-exempt hourly New York employees of Allpro Parking, LLC and Allpro Parking Holdings, LLC, as well as all New York employees of Premium Partner Holdings, LLC employed to work at current or former Allpro facilities from the date Premium Partner Holdings, LLC acquired a majority ownership interest in Allpro Parking and/or Allpro Parking Holdings, from November 10, 2016 through the present.

**ESI**

By letter dated March 1, 2023, plaintiff requested disclosure of electronically stored information ("ESI"), with metadata, sent from or received by Dwayne Boone, Erik Reed and the individuals identified in defendants' Rule 26 disclosures that included 45 Boolean search terms and keywords. Dkt. #15-5, pp.1-2. For example, plaintiff requested that defendants search communications from these custodians for the following terms: time /s round; clock /s meal; comp! /s time; schedule! /s pay; round /s shift; and overtime. Dkt. #15-5, pp.2-3.

By letter dated April 19, 2023, plaintiff reiterated his request for disclosure of ESI pursuant to the search terms and custodians provided. Dkt. #15-8. Plaintiff argued that the information sought would be highly relevant to plaintiff's motion for class certification, as well as the merits of plaintiff's claims. Dkt. #15-8, p.2.

In a meeting to discuss the discovery dispute, defendants advised that they had hired an ESI vendor. Dkt. #19-3, p.4. By email dated May 10, 2023, defendants explained that they were working with Allpro's IT vendor to obtain access to Allpro's email accounts. Dkt. #19-4, p.2.

Plaintiff argues that he has provided defendants with proposed terms and custodians for a search for ESI, but defendants have improperly limited their search. Dkt. #15-1, p.12.

Defendants argue that the only relevant information would be communications between plaintiff and his two direct supervisors or the human resources department. Dkt. #19-2, ¶ 15.

Plaintiff rejects defendants attempt to limit their search for ESI and argue that it is likely that any of the individuals listed in defendant's initial disclosures may possess relevant ESI. Dkt. #20, p.7. Plaintiff argues that communications among employees identified in defendants' Rule 26 disclosures regarding defendants' timekeeping policies would be highly relevant to the claims asserted. Dkt. #20, pp.11-12.

> Fed. R. Civ. P. 26(b)(1) provides, in relevant part:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

With respect to discovery of ESI, Rule 26(b)(2) specifically provides that

> A party need not provide discovery of [ESI] from sources that the party identifies as not reasonably accessible because of undue burden or cost. On a motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.

A party that has been served with a request for ESI is charged with finding and disclosing all responsive documents or properly setting forth why the documents are being withheld. *Zhulinska v. Niyazov Law Group, P.C.*, 21-CV-1348, 2021 WL 5281115, at *2 (E.D.N.Y. Nov. 12, 2021).

      Regardless of whether plaintiff is successful in certifying a collective action or class action, the search terms provided by plaintiff from custodians identified by defendants as having information related to this action are relevant to the claims set forth in plaintiff's complaint. Defendants have not argued that ESI from such custodians is unavailable or that the cost of searching for such ESI would be unduly burdensome. Accordingly, plaintiff's motion to compel defendants to search their electronic data for identified custodians utilizing specific search terms and keywords is granted. In the

absence of any proffer of good cause, however, defendants are not required to produce metadata. *See Black Love Resists in the Rust v. City of Buffalo*, 334 F.R.D. 23, 30 (W.D.N.Y. 2019) (collecting cases), *citing* Local Rule 26(e)(4). Defendants shall disclose responsive ESI within 30 days of the entry of this Decision and Order.

**Interrogatory No.2**

Interrogatory No. 2 seeks identification of all persons with knowledge of and/or control over the work schedules of plaintiff and the proposed class. Dkt. #15-4, p.3.

Defendants responded that plaintiff's supervisor for the majority of the time that he was employed with Allpro Parking LLC was Erik Reed. Dkt. #15-7, p.2.

By letter dated April 19, 2023, plaintiff requested identification of all individuals with knowledge of the work schedules of plaintiff and the proposed class. Dkt. #15-8, p.3.

Plaintiff argues that defendants have failed to identify all individuals with knowledge of work schedules, as is relevant to plaintiff's claim that defendants were engaged in common and company-wide improper and illegal wage practices. Dkt. #15-1, p.13.

Defendants respond that they have obtained additional information responsive to this request and will supplement their response, but note that plaintiff

"only had two direct supervisors during the entire period that he was employed by Allpro Parking, LLC and Premium Parking of Buffalo, LLC. Dkt. #19-2, ¶ 22.

Plaintiff replies that defendants have not supplemented their response as of the filing of this motion. Dkt. #20, p.13.

Defendants shall supplement their response to this interrogatory within 30 days of the entry of this Decision and Order. Defendants' response shall identify all persons with knowledge of and/or control over the work schedules of plaintiff and the proposed class, *to wit*, all non-exempt hourly New York employees of Allpro Parking, LLC and Allpro Parking Holdings, LLC, as well as all New York employees of Premium Partner Holdings, LLC employed to work at current or former Allpro facilities from the date Premium Partner Holdings, LLC acquired a majority ownership interest in Allpro Parking and/or Allpro Parking Holdings, from November 10, 2016 through the present.

**Document Request Nos. 20-22**

Document Requests Nos. 20-22 seek all documents reflecting the ownership structure of Allpro Parking, LLC; Allpro Parking Holdings, LLC; and Premium Partner Holdings, LLC. Dkt. #15-6, p.8.

Defendants objected that the demands were overly broad, vague and unduly burdensome, and not reasonably calculated to lead to the discovery of admissible information. Dkt. #15-6, p.8.

By letter dated April 19, 2023, plaintiff advised defendant that information regarding ownership structure is relevant to the question of whether defendants qualify as employers of plaintiff and the proposed class. Dkt. #15-8, p.2.

Plaintiff argues that this information is relevant because defendants contend that Premium Partner Holdings, LLC has never employed plaintiff. Dkt. #15-1, p.14.

Defendants acknowledge that plaintiff was employed by Allpro Parking, LLC from September 2017 through December 31, 2022 and thereafter employed by Premium Parking of Buffalo, LLC. Dkt. #19-2, ¶ 31. Defendants respond that they would provide limited information regarding the relationship between the defendants, as well as the sale of Allpro Parking Holdings, LLC to Premium Parking of Buffalo, LLC, but argue that the individual owners of those entities, the sale price and terms of the sale are not relevant. Dkt. #19-2, ¶ 34. An affidavit from Richard Sera, Vice President of Premium Parking of Buffalo LLC, affirms that plaintiff's employer, Allpro Parking, LLC, ceased operations on December 31, 2022, at which time all contracts and employees transitioned to Premium Parking of Buffalo, LLC, which had purchased Allpro Parking Holdings, LLC and its subsidiary, Allpro Parking, LLC. Dtk. #19-1.

Plaintiff replies that because it is alleged that defendants are joint employers, defendants should be required to produce documents reflecting the ownership structure and relationship between defendants. Dkt. #20, p.14.

The Court agrees that plaintiff's demand for documents related to defendants' ownership structure are overbroad. Accordingly, this aspect of plaintiff's motion to compel is denied.

**SO ORDERED.**

**DATED:  Buffalo, New York**
   **May 3, 2024**

       *س/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**