UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**DWAYNE BOONE, Individually and on behalf of all others similarly situated,**

    Plaintiff,

v.                                                    22-CV-0862V(Sr)

**ALLPRO PARKING, LLC,
ALLPRO PARKING HOLDINGS, LLC,
and
PREMIUM PARTNER HOLDINGS, LLC,**

    Defendants.

---

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

Plaintiff, a non-exempt hourly employee, commenced this proposed collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and proposed class action pursuant to New York Labor Law ("NYLL"), §§ 190, 191, 193, 195, 198 & 652, along with sections 142-2.1 & 142-2.2 of the New York Codes, Rules and Regulations ("NYCRR"), alleging that his employer failed to properly compensate him for all hours worked in his position as a lot attendant. Dkt. #1. Specifically, plaintiff alleges that he was only compensated according to his scheduled shift despite working before and after his scheduled shift. Dkt. #1. In addition, plaintiff alleges that he was routinely interrupted or not relieved for uncompensated meal breaks. Dkt. #1.

Furthermore, plaintiff alleges that he was not provided with proper pay rate acknowledgment forms at the commencement of his employment or when he received a change in his hourly rate of pay, nor was he provided with appropriate weekly wage statements as required by the NYLL. Dkt. #1. Plaintiff proposes to certify an FLSA Collective and a NYLL Class of non-exempt hourly employees who were: (a) not properly compensated for all work performed, including for work performed before or after their scheduled shifts; and/or (b) required to work during some or all of their uncompensated meal breaks, but were not compensated for this time; and/or (c) not fully compensated for time worked over forty hours per week at overtime rates; and/or (d) not provided notice under NYLL § 195(1) and NYLL § 195(3). Dkt. #1.

By Decision and Order entered May 3, 2024, the Court directed that, within 30 days of the entry of this Decision and Order, defendants disclose the name, address, telephone number, email address, dates of employment, and time and pay records for all non-exempt hourly New York employees of Allpro Parking, LLC and Allpro Parking Holdings, LLC, as well as all New York employees of Premium Partner Holdings, LLC employed to work at current or former Allpro facilities from the date Premium Partner Holdings, LLC acquired a majority ownership interest in Allpro Parking and/or Allpro Parking Holdings, from November 10, 2016 through the present. Dkt. #25, p.7. The Court also directed defendants to disclose electronic data for identified custodians utilizing specific search terms and keywords within 30 days of the entry of this Decision and Order. Dkt. #25, pp.9-10.

By email dated June 3, 2024, defense counsel advised that the ESI search had been completed and would be produced with a privilege log, but that defendants "still do not have all of the payroll records from the various payroll companies that were utilized by the defendants." Dkt. #29-1, p.2. Defense counsel stated that defendants were "in contact with the payroll companies and will produce the other payroll records as we receive them." Dkt. #29-1, p.2.

Plaintiff's counsel responded by email dated June 5, 2024 that defendants had "not yet produced a class list containing the name, address, telephone number, email address, and dates of employment for all non-exempt hourly employees, which the Court ordered to be produced within 30 days of its Decision and Order dated May 3, 2023." Dkt. #29-1, p.1.

Plaintiff's counsel sent a follow-up email on June 10, 2024 inquiring when they could "expect to receive the class list, as well as the remaining payroll records." Dkt. #29-1, p.1.

On June 13, 2024, plaintiff advised the Court that defendants had failed to provide much of the information required, including a class list. Dkt. #29.

Defense counsel responds that despite being aware that much of the documentation at issue in the motion to compel was in the possession of third-party payroll providers, "virtually nothing happened in the case" during the pendency of the

motion to compel because defendants “were waiting for this discovery issue to be resolved.” Dkt. #30, p.1. Defense counsel also informed the Court that “numerous lists of employees with their contact information” were contained within defendants’ document production. Dkt. #30, p.2. Defense counsel opposes any action by the Court, opining that defendants “have been diligent in providing documents, and have expeditiously provided everything that has been received.” Dkt. #30, p.2.

Plaintiff replies that there is no dispute but that defendants have failed to provide plaintiff with a class list as directed by the Court. Dkt. #32, p.1.

The Court finds defendants’ cavalier attitude towards this Court’s Decision and Order concerning; where a party finds itself subject to a deadline imposed by the Court which it is unable to meet, it is incumbent upon that party to request an extension of that deadline from the Court upon affirmation of its diligent efforts to comply with the Court’s directives. Moreover, the Court’s Decision and Order clearly directed disclosure of both “time and pay records” and “the name, address, telephone number, email address and dates of employment” for defendants’ non-exempt hourly New York employees. Defense counsel’s suggestion that plaintiff compile such information by searching through defendants’ voluminous document production defies both the text of this Court’s Order and the spirit of cooperative discovery expected in this district.

Defendants shall certify to this Court, no later than **July 21, 2024**, that they have complied with the Court’s Decision and Order by producing any outstanding time and pay records and providing identifying information for defendants’ non-exempt

hourly New York employees, preferably in a searchable electronic format, or explain to the Court the obstacles preventing such compliance and the efforts being undertaken to overcome them and achieve compliance.

**SO ORDERED.**

**DATED:**   **Buffalo, New York**
  **July 10, 2024**

  *s/ H. Kenneth Schroeder, Jr.*
  **H. KENNETH SCHROEDER, JR.**
  **United States Magistrate Judge**